## DYKE,
*Petitioner,*

*v.*

## CLATSOP COUNTY et al,
*Respondents.*

## (LUBA 88-110; CA A60292)
775 P2d 331

F. Blair Batson, Portland, argued the cause for petitioner. With her on the brief was Vincent P. Salvi, Portland.

Kenneth S. Eiler, Clatsop County Counsel, Astoria, waived appearance for respondent Clatsop County.

Edward J. Sullivan, Portland, argued the cause for respondent Clatsop Resources, Inc. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's affirmance of Clatsop County's approval of an application by respondent Clatsop Resources, Inc., to operate a solid waste disposal site in a commercial forestry zone. Under the applicable county ordinance provisions, that use is conditional in the zone and its allowance requires an exception to Goal 4 as well as a conditional use permit. On November 9, 1988, the county governing body adopted a resolution (resolution and order 88-11-9) to approve the conditional use permit and a separate ordinance (ordinance 88-11) to take the required goal exception.

Petitioner filed with LUBA a timely notice of intent to appeal, which stated, in material part:

"Notice is hereby given that petitioner intends to appeal that land use decision of respondent entitled: 'In the matter of a Conditional Use Permit in Clatsop County By Clatsop Resources, Inc., Granting the Application with Conditions and Adopting Certain Findings,' which became final on November 9, 1988 and which involves the approval of an exception to Goal 4 and a conditional use request by Clatsop Resources, Inc., to develop and operate a solid waste landfill on a 160-acre site in forest resource lands."

LUBA concluded that it could not reach the merits of petitioner's assignment challenging the exception, because it construed his notice of intent to appeal as designating only the conditional use permit as the decision appealed from.[1] The decisive issue is whether the two county actions comprised a single land use decision for purposes of an appeal to LUBA and whether LUBA therefore had jurisdiction over the goal exception, even if petitioner's notice did designate only the granting of the conditional use permit as the subject of the appeal.[2] We conclude that the answer is yes and reverse.

LUBA noted that, "[i]n acting on requests for land use approval, local governments may do so in a single decision

---

[1] LUBA did address the merits of a second assignment, relating to the allowance of the conditional use permit, and rejected it. Petitioner does not assign error to that ruling.

[2] Petitioner does not agree with LUBA that the notice should not be construed as identifying the exception as well as the conditional use permit. *See Knight v. City of Coos Bay,* 15 Or LUBA 122 (1986). We need not reach that question.

or in more than one decision." LUBA equated the number of decisions made with the number of enactments promulgated. That might often be a correct equation; however, we do not agree that it is when, as here, the subject of one enactment is a required component of a decision that is finalized in another. The exception was a necessary part of the decision to allow the conditional use. The fact that the county memorialized the two requirements for the decision separately did not convert it into two separate decisions.[3] Petitioner's notice was sufficient to give LUBA jurisdiction over his assignment challenging the exception.

Reversed and remanded for reconsideration of petitioner's first assignment of error; otherwise affirmed.

---

[3] The apparent reason for the bifurcated action was that the exception was taken through a comprehensive plan amendment; the county normally acts by ordinance in amending its plan and by resolution and order in making other land use decisions.

It does not necessarily follow from our holding that a notice that designated only the exception would have been sufficient to invoke jurisdiction over the conditional use permit. Although the county ordinance requires an exception as part of the conditional use permit decision, there is no converse requirement.